IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BELINDA HOWARD,                )
                               )
          Plaintiff,           )
                               )
     v.                        )     1:12CV675
                               )
GRAPHIK DIMENSIONS, et al.,    )
                               )
          Defendants.          )

**MEMORANDUM OPINION, ORDER, AND
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court on Plaintiff's Application for Leave to Proceed In Forma Pauperis and Affidavit/Declaration in Support (Docket Entry 1), filed in conjunction with Plaintiff's pro se form Complaint (Docket Entry 2). The Court will grant Plaintiff's request to proceed as a pauper for the limited purpose of recommending dismissal of this action, under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.[1]

LEGAL BACKGROUND

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely

---

[1] Plaintiff's pauper application omits some required information (see Docket Entry 1, ¶¶ 1.a. (acknowledging employment, but failing to state wages), 4 (admitting receipt of income by spouse without disclosing amount)) and contains some material inconsistencies (see id. ¶¶ 6 (denying ownership of any automobiles), 8 (claiming monthly expense for "car insurance")); however, in light of the recommendation of dismissal, no need exists to address such matters further.

because his [or her] poverty makes it impossible for him [or her] to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants . . . [and thus] d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the in forma pauperis statute provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2). A complaint falls short of this standard when it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare

2

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[2]

## DISCUSSION

Plaintiff's Complaint names four Defendants, Graphik Dimensions, Lucy Metionit, Angie Ruszkowski, and Jeff McCurdy. (Docket Entry 2 at 1-2.) It further asserts that Plaintiff was "discriminated against in violation of Title VII of the Civil Rights Act of 1964, due to [her] race (black) in retaliation for complaining about the discriminatory treatment to which [she] was subjected." (Id. at 3; see also id. at 2 (alleging that Metionit's "actions created a hostile environment for [Plaintiff]").) As factual matter supporting these allegations, the Complaint offers the following:

---

[2] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 679, respectively)).

3

1) as a result of a placement by a temporary staffing agency, Plaintiff "worked for Graphik Dimensions from November 7, 2011 until December 8, 2011" (id. at 2);

2) Plaintiff "worked in the Print and Frame Dept.," where she "was harassed by Lucy Metionit (Lead Person) about job performance" (id.);

3) Metionit "repeatedly spoke rude [sic] and unprofessional [sic] to [Plaintiff]" (id.);

4) "Metionit made racial remarks to her other hispanic employees about Americanos as she called [Plaintiff]" (id.);

5) Plaintiff "complained to [Metionit's] supervisor Angie Ruszkowski on several occasions but the abuse did not change" (id.);

6) "[o]n November 25, 2011, [Plaintiff] was transferred to the back area of the department," where "Metionit confronted [Plaintiff] again about how her pictures were being [illegible]" (id. at 3);

7) Metionit "[d]id not offer to help or (watch) observe how [Plaintiff] was handling the pictures, but said she was told [Plaintiff] was handling 20 lb pictures roughly" (id.);

8) "[o]n November 30, 2011 [Plaintiff] was required to work by [her]self for approximately 3 or more days without any help" (id.);

9) "[o]n December 2, 2011 a meeting was held to state about [sic] meetings with individuals concerning work ethics" (id.);

4

10) "[o]n December 8, 2011 [Plaintiff's] job was terminated without reason" (id.); and

11) "[t]he other [temporary staffing agency] employees remained at Graphik Dimensions" (id.).

Title VII prohibits discriminatory employment actions based on race. See 28 U.S.C. § 2000e-2(a). Moreover, prohibited discrimination includes harassment, but such claims require proof of a "'workplace permeated with discriminatory [e.g., race-based] intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" Jordan v. Alternative Res. Corp., 458 F.3d 332, 339 (4th Cir. 2006) (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993)) (emphasis added). Plaintiff's Complaint fails to offer factual matter sufficient to establish any race-based discrimination, but instead merely makes conclusory assertions of the sort ruled inadequate in Iqbal.

In other words, simply invoking the terms "discrimination," "harassment," and "hostile environment" does not suffice to state a claim. See, e.g., Iqbal, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Nor do allegations that a supervisor of one race criticized the job performance of an employee of another race present a plausible claim of discrimination. See, e.g., Hawkins v. Pepsico, Inc., 203

5

F.3d 274, 282 (4th Cir. 2000) (declaring that the "[l]aw does not blindly ascribe to race all personal conflicts between individuals of different races."). Similarly, the Complaint's allegations about a supervior's rudeness, lack of support, and unwillingness to listen, even if accepted as true, would not establish a hostile work environment claim, because the Fourth Circuit has ruled that "rude treatment by [coworkers]," <u>Baqir v. Principi</u>, 434 F.3d 733, 747 (4th Cir. 2006), "callous behavior by [one's] superiors," <u>Bass v. E.I. DuPont de Nemours & Co.</u>, 324 F.3d 761, 765 (4th Cir. 2003), and "a routine difference of opinion and personality conflict with [one's] supervisor," <u>Hawkins</u>, 203 F.3d 274, 276 (4th Cir. 2000), do not meet the severity/pervasiveness standard applicable to such claims. Finally, the Complaint fails to set forth factual matter sufficient to support a conclusion that Plaintiff's firing or any alleged abuse perceived by Plaintiff involved a racial component, given that the only "racial remark" identified in the Complaint, "Americanos," has no readily discernible racial character or negative connotation. In sum, the Complaint fails to state a claim for racial discrimination under Title VII.

Title VII also prohibits an employer from retaliating against an employee because said employee "has opposed any practice made an unlawful employment practice by [Title VII], or because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under

6

[Title VII]." 42 U.S.C. § 2000e-3(a). The Complaint alleges that Plaintiff lost her job after she complained about "abuse" by a supervisor, but (according to the Complaint) such abuse consisted of "harass[ment] . . . about [her] job performance," "rude and unprofessional" comments, and use of the term "Americanos" (Docket Entry 2 at 2), matters which Title VII has not made "unlawful employment practice[s]," 42 U.S.C. § 2000e-3(a).

The Complaint thus fails to state a plausible claim for retaliation under Title VII. See, e.g., Sajadian v. American Red Cross, No. 99-1263, 202 F.3d 260 (table), 1999 WL 1111455, at *1 (4th Cir. Dec. 7, 1999) (unpublished) (affirming summary judgment for employer on retaliation claim because, "[a]lthough [the plaintiff] raised general concerns about her workload, hours, and denial of leave, there is no evidence that either [her employer or the person to whom she complained] was aware that her complaints were based on an allegation of discrimination"); McNair v. Computer Data Sys., Inc., No. 98-1110, 172 F.3d 863 (table), 1999 WL 30959, at *5 (4th Cir. Jan. 26, 1999) (unpublished) ("[A] general complaint of unfair treatment does not translate into a charge of illegal discrimination." (internal ellipses and quotation marks omitted)); Brown v. Nguyen, Civ. Action No. 7:08-817-HFF-WMC, 2010 WL 836819, at *18 (D.S.C. Mar. 5, 2010) (unpublished) (adopting recommendation that plaintiff's complaint of "rude" conduct by superior did not qualify as "protected activity"). The retaliation

7

claim also fails as a matter of law because it lacks any factual matter that would permit an inference that the person responsible for terminating Plaintiff's employment had any knowledge of Plaintiff's complaints. See, e.g., Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 657 (4th Cir. 1998) (holding that retaliation claim requires showing that "relevant decisionmaker" knew of protected activity).[3]

## CONCLUSION

Plaintiff's Complaint fails to state a claim.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed In Forma Pauperis and Affidavit/Declaration in Support (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

May 24, 2013

---

[3] As a final matter, Plaintiff cannot proceed against the individual Defendants under Title VII. See, e.g., Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 180-81 (4th Cir. 1998). Moreover, the Complaint lacks any allegations of any sort against McCurdy. (See Docket Entry 2 at 2-3.)